# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER MELTON MAIDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-11-R |
| | ) |
| OKLAHOMA CITY POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff has filed this *pro se* Complaint against Defendant Oklahoma City Police Department alleging that "they stole from me, lied about me and to me." *See* Civil Cover Sheet. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* has been granted, which results in screening of this action pursuant to 28 U.S.C. § 1915.

Section 1915(e)(2)(B) of the United States Code, Title 28, states as follows:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
*** 
(B) the action or appeal—
    (i) is frivolous or malicious;
    (ii) fails to state claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).[1] A complaint is frivolous "where it lacks an arguable basis in either law or fact." Although *sua sponte* dismissals are generally disfavored by the courts, the court may dismiss an action pursuant to 28 U.S.C. § 1915(e)(2) "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Zapata v. Public Defenders Office*, 252 Fed.Appx. 237, 238 (10th Cir.2007) (quoting *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920 (2007)).

The Court has fulfilled its obligation to screen Plaintiff's complaint and finds that he has failed to state a claim against Defendant. The Court further concludes that amendment would be futile, even giving liberal construction to his allegations. As such, his Complaint is hereby DISMISSED.

IT IS SO ORDERED this 20th day of January, 2016.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiff is apparently not a prisoner as defined by 28 U.S.C. § 1915:
> "'[s]ection 1915(a) applies to all persons applying for IFP status, and not just to prisoners.'" *Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir.2013) (alteration in original) (quoting *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005)).

*Judy v. Obama*, 601 F. App'x 620, 621 (10th Cir. 2015)**.**